**SHAPIRO & STERNLIEB, LLC**
Northpoint Professional Building
176 Route 9 North, Suite 303
Englishtown, New Jersey 07726
P: (732) 617-8050
F: (732) 617-8060
Attorneys for Plaintiff, Jeffrey S. Clark
David H. Sternlieb, Attorney ID: 040321988

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY CLARK,<br><br>        Plaintiff,<br><br>              vs.<br><br>UNITED STATES OF AMERICA, JOHN DOE #1-20, JANE DOE #1-20 and ABC CORPORATION #1-20 (FICTITIOUS NAMES BEING UNKNOWN),<br><br>        Defendants. | NO:<br><br><br>**COMPLAINT IN CIVIL ACTION**<br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Jeffrey Clark, an adult individual, citizen and resident of the State of New Jersey residing at 38 Harrison Avenue, in the Township of East Brunswick, County of Middlesex and State of New Jersey, and complaining Defendant, The United States of America ("UNITED STATES"), states:

**PARTIES**

**1.** At all relevant times, Defendant, United States of

1

America (hereinafter referred to as the "United States" or "USA" or the "Government") employed the U.S. Department of Veterans Affairs, a licensed provider of health care provided to the veterans of the United States of America.  By virtue of this employment relationship, the United States of America is responsible for the negligence as detailed below.

2. At all relevant times, Defendant, United States provided medical services at its hospitals, clinics, facilities and offices through the United States Department of Veterans Affairs (hereinafter referred to as the "V.A."), 2121 Lake Avenue, Fort Wayne, Indiana and/or other V.A. healthcare facilities.

3. At all relevant times, Defendant United States was acting as the employer, servant, agent and/or actual agent of the V.A. as well as the physicians and staff employed by the V.A., who provided and/or participated in the medical care provided to the Plaintiff, Jeffrey Clark.

4. At all relevant times, the V.A. and its employed physicians and staff were acting within the course and scope as employees and/or deemed employees of the USA, making the USA liable for its negligence.

5. The V.A. is a professional corporation and/or legal entity and/or agency of the Government, organized and existing under the laws of the United States.

6. At all relevant times, the V.A. provided medical services to patients throughout the United States.

7. At all relevant times, by virtue of an arrangement,
   agreement or contract, Defendant USA employed, leased,
   utilized and/or shared various healthcare personnel,
   including, but not necessarily limited to, physicians and
   other healthcare providers, diagnostic services and
   medical facilities with the V.A. in order to provide
   various medical, diagnostic and nursing services to
   veterans seeking medical care in the United States.

8. At all relevant times, Defendant USA was acting by itself
   and/or by and through its employees, servants, agents
   and/or ostensible agents, including the V.A., as well as
   the V.A.'s staff physicians, including, but not
   necessarily limited to, Dr. John M. Hoog, Dr. Khin Oo,
   and Dr. Junaid Akhtar, and, is responsible for their
   respective and/or collective actions and/or inactions as
   detailed below.

9. At all relevant times, John Doe #1-20, Jane Doe#1-20 and
   ABC #1-20 are fictitious parties intended to represent
   presently unknown and/or unidentified physicians, health
   care providers or employed staff and health care
   entities, who, subsequent to the filing of this action
   may be discovered to be liable for damages incurred or
   suffered by the Plaintiff(s).

10. At all relevant times, Plaintiff Jeffrey Clark, was a
    veteran of the armed forces of one or more branches of
    the United States military, and, as such, Plaintiff was
    entitled to receive competent medical care, provided
    pursuant to generally accepted professional practice
    standards from the V.A. and the providers of medical and
    healthcare services it employed.

11. At all relevant times, Plaintiff Jeffrey Clark was under the medical care of the USA and its employee, the V.A., directly and/or indirectly, by and through its employees, servants, agents, ostensible agents and/or persons under the defendants' direct control or right of control. These persons include, but are not necessarily limited to,  Dr. John  M. Hoog, Dr. Khin Oo, and Dr. Junaid Akhtar, as well as other unknown or heretofore unidentified healthcare providers employed by the V.A. (and the USA), who, were involved in the medical care of Plaintiff Jeffrey Clark.

12. At all relevant times, the aforesaid physicians, and all of the other healthcare providers who provided healthcare services to and/or were involved in the medical care of Plaintiff Jeffrey Clark, were required to pursue their specialties and were obligated to utilize in the practice of their professions, the requisite degree of skill, knowledge and care in order to pursue their professions in accordance with reasonable, safe and accepted standards of their profession(s) and their specialties in particular.

13. At all relevant times, the Defendant USA, by its aforesaid agents, servants and/or employees, undertook to provide medical care and/or healthcare related services to Plaintiff Jeffrey Clark in approximately September 2009 and for some period of time beforehand and subsequently thereafter.

14. The egregious, severe and permanent injuries suffered by the Plaintiff Jeffrey Clark were proximately caused by

4

the deviations from the generally accepted professional practice standards and/or wrongful acts, negligence and carelessness of the Defendant USA, by the V.A. and its employees, servants, agents, ostensible agents, subsidiaries and/or affiliates and were not caused or contributed to or by any act or omission on the part of the Plaintiff.

15. As a proximate result of the foregoing, the spouse of Jeffrey Clark, Plaintiff, Camille Clark, was proximately caused to suffer egregious, severe and permanent damages per quod.

## JURISDICTION AND VENUE

1. This professional malpractice, medical malpractice or negligence action arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. The Court has jurisdiction over non-diverse, non-federal parties, if any, pursuant to the Judicial Improvement Act, 28 U.S.C. § 13679 (a).

2. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1402 because the Plaintiff Jeffrey Clark resides in New Jersey.

3. A Standard Form 95 was timely filed with the Veteran's Administration.

4. On or about February 26, 2016, Plaintiff's Administrative Tort Claim was denied.

5

**<u>COUNT I: Medical Negligence and Informed Consent</u>**

1. At all relevant times, the Defendant USA managed, maintained, controlled and operated a hospital known as Veteran's Administration Medical Center, Northern Indiana, located in Fort Wayne, Indiana (hereinafter referred to as the "V.A. Hospital" or the "V.A." or "N. Indiana VA Medical Center").

2. At all relevant times, Jeffrey Clark was a patient at the N. Indiana VA Medical Center on or about September 23, 2009, and for some period of time before and after that date.

3. On or about October 21, 2010, September 26, 2011, December 23, 2011, January 19, 2012, February 6, 2012, August 22, 2012, September 12, 2012, and September 28, 2012, and/or for some period of time before and after the aforesaid dates, Dr. Khin Oo, Dr. John M. Hoog, and Dr. Junaid Akhtar deviated from generally accepted professional practice standards in the medical care and/or treatment of the Plaintiff Jeffrey Clark at the N. Indiana VA Medical Center and/or other V.A. facilities.

4. On or about the aforesaid dates and/or for some time before and after the aforesaid dates, one or more V.A. employees, agents and/or servants deviated from generally accepted professional practice standards in the healthcare services, medical care and/or treatment of the Plaintiff Jeffrey Clark at the N. Indiana VA Medical Center and/or other V.A. facility.

5. The deviations from generally accepted professional

practice standards arising from the careless and negligent acts and omissions of the Defendant USA, the V.A. and the aforesaid physicians and employees, include, but, is not necessarily limited to the failure to properly conduct, order and/or follow up on various diagnostic tests, the failure to perform or follow up on one or more physical examinations, the failure to timely or properly diagnose, treat or properly follow up on the Plaintiff Jeffrey Clark's abnormal prostate condition, and, the failure to timely and properly diagnose, treat or follow up on Plaintiff Jeffrey Clark's prostate condition, the failure to timely and properly diagnose, treat or follow up on Plaintiff Jeffrey Clark's prostate cancer, and, the failure to properly obtain the Plaintiff Jeffrey Clark's informed consent concerning the risks and benefits of proposed or recommended treatment, if any, the risks and benefits of foregoing proposed or recommended treatment as well as the risks and benefits of proceeding with or foregoing generally accepted alternatives to proposed or recommended treatment.

6. As a direct and proximate cause of the foregoing deviations from generally accepted professional practice standards, carelessness and negligence of the Defendant USA, the V.A. and its aforementioned physicians and employees, the Plaintiff Jeffrey Clark was caused to suffer metastatic prostate cancer and has suffered, and, will continue to suffer, severe, continuing and permanent damages, including, but not limited to, severe pain, suffering, loss of enjoyment of life, emotional distress and substantial pecuniary losses, including, lost income and medical treatment expenses, among other damages, all of a continuing, substantial and permanent nature.

**WHEREFORE,** Plaintiff, Jeffrey Clark, hereby demands judgment in his favor and against Defendant United States of America, for all compensatory and other damages allowed by law and in a sum in excess of the jurisdictional limits for arbitration, together with interest, costs, reasonable counsel fees and for such further relief as the Court deems appropriate and fair under the circumstances and in the interests of justice.

## COUNT II: Vicarious Liability

1. The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

2. The negligence and carelessness of Defendant United States, its employees, servants, agents and/or ostensible agents consists of the acts or omissions set forth in Count I, which is incorporated herein by reference.

3. The negligence and carelessness of Defendant United States was a substantial and contributing factor in causing Plaintiff Jeffrey Clark's injuries and damages.

   **WHEREFORE,** Plaintiff, Jeffrey Clark, hereby demands judgment in his favor and against Defendant United States of America, for all compensatory and other damages allowed by law and in a sum in excess of the jurisdictional limits for arbitration, together with interest, costs, reasonable counsel fees and for such further relief as the Court deems appropriate and fair under the circumstances and in the interests of justice.

8

<u>**COUNT III: Corporate Negligence**</u>

1. The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

2. Plaintiff's injuries were caused by the corporate negligence of Defendant United States in the following particular respects:

      a. selection, employment and retention of incompetent, medical professions to practice within the V.A. and/or Northern Indiana VA Medical Center and/or other V.A. facilities, namely those attending to and providing medical care and healthcare services to the Plaintiff Jeffrey Clark at all relevant times herein;

      b. failing to ensure that the physicians working within the V.A. who, attended to the Plaintiff Jeffrey Clark, were competent to diagnosis, treat and/or follow up on his physical and/or physiological conditions for which they where providing examination, testing, treatment and/or follow-up;

      c. failing to ensure that the physicians working within the V.A., who, attended to the Plaintiff Jeffrey Clark, were competent to interpret, appreciate and follow up on the findings or results of certain symptoms, physical complaints, test results and findings upon physical examination that they knew or should have known of during their treatment of the Plaintiff Jeffrey Clark;

      d. failing to properly oversee or supervise all persons within its facilities that treated and/or cared for Plaintiff Jeffrey Clark during the relevant time;

      e. failing to adequately and thoroughly educate and/or train those physicians and/or staff working within

its facilities to diagnosis, treat and/or follow up on the findings or results of certain symptoms, physical complaints, test results and findings upon physical examination that they knew or should have known of during their treatment of the Plaintiff Jeffrey Clark;

f. failing to formulate, adopt and enforce adequate rules, procedures, protocols and policies under the circumstances;

g. failing to have in place and/or failing to ensure the implementation of medical policies and procedures for communication among medical staff to ensure appropriate follow-up of test results as well as patient care; and,

h. failing to have in place proper procedures to ensure communication between and among the medical staff to ensure prompt or timely intervention, follow up and treatment of patients.

3. Defendant United States had active and/or constructive knowledge of the aforesaid failures set forth in the immediately preceding paragraph.

4. The negligence and carelessness of Defendant United States was a substantial and contributing factor in causing Plaintiff's injuries and damages.

5. As a direct and proximate cause of the foregoing deviations from generally accepted professional practice standards, carelessness and negligence of the Defendant USA, the V.A. and its aforementioned physicians and employees, the Plaintiff Jeffrey Clark was caused to suffer metastatic prostate cancer and has suffered, and, will continue to suffer, severe, continuing and permanent

damages, including, but not limited to, severe pain, suffering, loss of enjoyment of life, emotional distress and substantial pecuniary losses, including, lost income and medical treatment expenses, among other damages, all of a continuing, substantial and permanent nature.

**WHEREFORE,** Plaintiff, Jeffrey Clark, hereby demands judgment in his favor and against Defendant United States of America, for all compensatory and other damages allowed by law and in a sum in excess of the jurisdictional limits for arbitration, together with interest, costs, reasonable counsel fees and for such further relief as the Court deems appropriate and fair under the circumstances and in the interests of justice.

### COUNT IV: PER QUOD CLAIM

1. The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

2. The Plaintiff Camille Clark is lawfully married to the Plaintiff Jeffrey Clark.

3. As a direct and proximate cause of the foregoing deviations from generally accepted professional practice standards, carelessness and negligence of the Defendant USA, the V.A. and its aforementioned physicians and employees, the Plaintiff Camille Clark was caused to suffer and will continue to suffer, severe, continuing and permanent damages, including, but not limited to, mental distress, damages for loss of services, society and consortium, hedonic damages, lost income and medical treatment expenses, among other damages, all of a continuing, substantial and permanent nature, proximately caused and/or flowing from the injuries and damages

11

suffered by and continuing to be suffered by her husband, the Plaintiff Jeffrey Clark.

**WHEREFORE,** Plaintiff, Camille Clark, hereby demands judgment in her favor and against Defendant United States of America, for all compensatory and other damages allowed by law and in a sum in excess of the jurisdictional limits for arbitration, together with interest, costs, reasonable counsel fees and for such further relief as the Court deems appropriate and fair under the circumstances and in the interests of justice.

Respectfully submitted,

Shapiro & Sternlieb, LLC.
176 Route 9 North
Suite 303
Englishtown, NJ 07726
(732) 617-8050
*Attorneys for Plaintiff*

By: s/ David H. Sternlieb_____
David H. Sternlieb, Esquire

Dated:  August 9, 2016