**SHAPIRO & STERNLIEB, LLC**
Northpoint Professional Building
176 Route 9 North, Suite 303
Englishtown, New Jersey 07726
P: (732) 617-8050
F: (732) 617-8060
Attorneys for Plaintiff, Camille Clark
David H. Sternlieb, Attorney ID: 040321988

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CAMILLE CLARK, Individually and as EXECUTRIX OF THE ESTATE OF JEFFREY CLARK, deceased<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>UNITED STATES OF AMERICA, JOHN DOE #1-20, JANE DOE #1-20 and ABC CORPORATION #1-20 (FICTITIOUS NAMES BEING UNKNOWN),<br><br>　　　　Defendants. | NO: 3:16-cv-04872-MLC-TJB<br><br>**FIRST AMENDED COMPLAINT IN CIVIL ACTION**<br><br>**(Jury Trial Requested)** |

**COMPLAINT**

Plaintiff, Camille Clark, an adult individual, citizen and resident of the State of New Jersey residing at 38 Harrison Avenue, in the Township of East Brunswick, County of Middlesex and State of New Jersey, and complaining Defendant, The United States of America ("UNITED STATES"), states:

1

## **PARTIES**

1. On or about February 23, 2017, Plaintiff's decedent, Jeffrey Clark, died testate at the age of 74 from metastatic prostate cancer and its related effects.

2. At all relevant times, the Plaintiff, Camille Clark, is the widow of Jeffrey Clark and is the Executrix of his estate.

3. Plaintiff, Camille Clark brings this action individually and as the Executrix of the Estate of Jeffrey Clark for all claims permissible under the law.

4. At all relevant times, Defendant, United States of America (hereinafter referred to as the "United States" or "USA" or the "Government") employed the U.S. Department of Veterans Affairs, a licensed provider of health care provided to the veterans of the United States of America. By virtue of this employment relationship, the United States of America is responsible for the negligence as detailed below.

5. At all relevant times, Defendant, United States provided medical services at its hospitals, clinics, facilities and offices through the United States Department of Veterans Affairs (hereinafter referred to as the "V.A."), 2121 Lake Avenue, Fort Wayne, Indiana and/or other V.A. healthcare facilities.

6. At all relevant times, Defendant United States was acting as the employer, servant, agent and/or actual

agent of the V.A. as well as the physicians and staff employed by the V.A., who provided and/or participated in the medical care provided to the decedent, Jeffrey Clark.

7. At all relevant times, the V.A. and its employed physicians and staff were acting within the course and scope as employees and/or deemed employees of the USA, making the USA liable for its negligence.

8. The V.A. is a professional corporation and/or legal entity and/or agency of the Government, organized and existing under the laws of the United States.

9. At all relevant times, the V.A. provided medical services to patients throughout the United States.

10. At all relevant times, by virtue of an arrangement, agreement or contract, Defendant USA employed, leased, utilized and/or shared various healthcare personnel, including, but not necessarily limited to, physicians and other healthcare providers, diagnostic services and medical facilities with the V.A. in order to provide various medical, diagnostic and nursing services to veterans seeking medical care in the United States.

11. At all relevant times, Defendant USA was acting by itself and/or by and through its employees, servants, agents and/or ostensible agents, including the V.A., as well as the V.A.'s staff physicians, including, but not necessarily limited to, Dr. John M. Hoog, Dr. Khin Oo, and Dr. Junaid Akhtar, and, is responsible for their respective and/or collective actions and/or inactions as

detailed below.

12. At all relevant times, John Doe #1-20, Jane Doe#1-20 and ABC #1-20 are fictitious parties intended to represent presently unknown and/or unidentified physicians, health care providers or employed staff and health care entities, who, subsequent to the filing of this action may be discovered to be liable for damages incurred or suffered by the Plaintiff(s).

13. At all relevant times, decedent, Jeffrey Clark, was a veteran of the armed forces of one or more branches of the United States military, and, as such, decedent was entitled to receive competent medical care, provided pursuant to generally accepted professional practice standards from the V.A. and the providers of medical and healthcare services it employed.

14. At all relevant times, decedent Jeffrey Clark was under the medical care of the USA and its employee, the V.A., directly and/or indirectly, by and through its employees, servants, agents, ostensible agents and/or persons under the defendants' direct control or right of control.  These persons include, but are not necessarily limited to,  Dr. John  M. Hoog, Dr. Khin Oo, and Dr. Junaid Akhtar, as well as other unknown or heretofore unidentified healthcare providers employed by the V.A. (and the USA), who, were involved in the medical care of decedent Jeffrey Clark.

15. At all relevant times, the aforesaid physicians, and all of the other healthcare providers who provided

healthcare services to and/or were involved in the medical care of decedent Jeffrey Clark, were required to pursue their specialties and were obligated to utilize in the practice of their professions, the requisite degree of skill, knowledge and care in order to pursue their professions in accordance with reasonable, safe and accepted standards of their profession(s) and their specialties in particular.

16. At all relevant times, the Defendant USA, by its aforesaid agents, servants and/or employees, undertook to provide medical care and/or healthcare related services to decedent Jeffrey Clark in approximately September 2009 and for some period of time beforehand and subsequently thereafter.

17. The egregious, severe and permanent injuries, as well as the death suffered by the Plaintiff's decedent Jeffrey Clark were proximately caused by the deviations from the generally accepted professional practice standards and/or wrongful acts, negligence and carelessness of the Defendant USA, by the V.A. and its employees, servants, agents, ostensible agents, subsidiaries and/or affiliates and were not caused or contributed to or by any act or omission on the part of the decedent and/or the Plaintiff.

18. As a proximate result of the foregoing, the spouse and widow of Jeffrey Clark, Plaintiff, Camille Clark, was proximately caused to suffer egregious, severe and permanent damages per quod, including, but not limited to, severe emotional distress, loss of love and

5

companionship, loss of enjoyment and diminishment in the quality of her life, loss of services, loss of advice, guidance and wisdom, loss of income and other financial damages and medical expenses, occasioned by and proximately by the aforesaid deviations from the generally accepted standards of medical care and the pain, suffering and death of her husband that resulted therefrom.

### JURISDICTION AND VENUE

1. This professional malpractice, medical malpractice or negligence action arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. The Court has jurisdiction over non-diverse, non-federal parties, if any, pursuant to the Judicial Improvement Act, 28 U.S.C. § 13679 (a).

2. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1402 because the Plaintiff Jeffrey Clark resides in New Jersey.

3. A Standard Form 95 was timely filed with the Veteran's Administration.

4. On or about February 26, 2016, Plaintiff's Administrative Tort Claim was denied.

5. The original complaint was timely filed with the United States District Court on August 10, 2016, and, this first amended complaint includes the Plaintiff's

individual claims and the decedent's estates wrongful death claims.

**COUNT I: Medical Negligence, Informed Consent and Wrongful Death**

1. At all relevant times mentioned herein, the Plaintiff, Camille Clark and Jeffrey Clark were husband and wife, and, at the time of decedent's death and for a substantial period before, resided at 38 Harrison Avenue, in the Township of East Brunswick, County of Middlesex and State of New Jersey.

2. On or about February 23, 2017, Plaintiff's decedent, Jeffrey Clark, died testate at the age of 74 from metastatic prostate cancer and its related effects leaving his wife, Plaintiff Camille Clark surviving him and as Executrix of his estate.

3. At all relevant times, the Defendant USA managed, maintained, controlled and operated a hospital known as Veteran's Administration Medical Center, Northern Indiana, located in Fort Wayne, Indiana (hereinafter referred to as the "V.A. Hospital" or the "V.A." or "N. Indiana VA Medical Center").

4. At all relevant times, Jeffrey Clark was a patient at the N. Indiana VA Medical Center on or about September 23, 2009, and for some period of time before and after that date.

5. On or about October 21, 2010, September 26, 2011,

7

December 23, 2011, January 19, 2012, February 6, 2012, August 22, 2012, September 12, 2012, and September 28, 2012, and/or for some period of time before and after the aforesaid dates, Dr. Khin Oo, Dr. John M. Hoog, and Dr. Junaid Akhtar deviated from generally accepted professional practice standards in the medical care and/or treatment of the decedent Jeffrey Clark at the N. Indiana VA Medical Center and/or other V.A. facilities.

6. On or about the aforesaid dates and/or for some time before and after the aforesaid dates, one or more V.A. employees, agents and/or servants deviated from generally accepted professional practice standards in the healthcare services, medical care and/or treatment of the decedent Jeffrey Clark at the N. Indiana VA Medical Center and/or other V.A. facility.

7. The deviations from generally accepted professional practice standards arising from the careless and negligent acts and omissions of the Defendant USA, the V.A. and the aforesaid physicians and employees, include, but, is not necessarily limited to the failure to properly conduct, order and/or follow up on various diagnostic tests, the failure to perform or follow up on one or more physical examinations, the failure to timely or properly diagnose, treat or properly follow up on the decedent Jeffrey Clark's abnormal prostate condition, and, the failure to timely and properly diagnose, treat or follow up on decedent Jeffrey Clark's prostate condition, the failure to timely and properly diagnose, treat or follow up on decedent Jeffrey Clark's prostate cancer, and, the failure to properly obtain the decedent

8

Jeffrey Clark's informed consent concerning the risks and benefits of proposed or recommended treatment, if any, the risks and benefits of foregoing proposed or recommended treatment as well as the risks and benefits of proceeding with or foregoing generally accepted alternatives to proposed or recommended treatment.

8.  At all relevant times, the defendants, and each of them, in all other conceivable ways applicable and/or according to facts not yet discovered at the time of the filing of this Complaint, were careless, negligent and grossly negligent in their respective and/or collective actions, inactions and/or omissions and/or in the breach of any duties owed to the Plaintiff's decedent, Jeffrey Clark, or any member of decedent's family, whatsoever and under the circumstances.

9.  Under the foregoing circumstances, the Plaintiff's husband's death from prostate cancer and its effects, as well as his pre-death profound pain, suffering, emotional distress, loss of enjoyment of life, expenditure of substantial sums for medical treatment and lost income, were in fact preventable and proximately caused the the aforesaid careless, negligent and grossly negligent actions and failures to act in accordance with the generally accepted professional medical standards of practice.

10. As a direct and proximate result of the aforesaid careless, negligence and grossly negligent conduct, actions, inactions and/or omissions of the defendants, and each of them, Jeffrey Clark was caused to suffer as

9

set forth herein and die on February 23, 2017.

11. Prior to his death on February 23, 2017, Plaintiff's decedent, Jeffrey Clark, suffered extreme pain, suffering and emotional distress as his health deteriorated, and as he was overcome, physiologically, neurologically and emotionally as he was dying.

12. As a direct and proximate cause of the foregoing deviations from generally accepted professional practice standards, carelessness and negligence of the Defendant USA, the V.A. and its aforementioned physicians and employees, the Plaintiff's decedent Jeffrey Clark was caused to suffer metastatic prostate cancer and was caused to suffer, severe, continuing and permanent damages, including, but not limited to, severe pain, suffering, loss of enjoyment of life, emotional distress and substantial pecuniary losses, including, lost income and medical treatment expenses, among other damages, all of a continuing, substantial and permanent nature until his death.

13. Plaintiff's decedent, Jeffrey Clark, was caused to incur great financial expense related to medical care, confinement to the hospital, and treatment for his injuries caused by the defendant(s) until his death, and, was caused to die on or about February 23, 2017.

14. Plaintiff Camille Clark was present and observed her husband's death on or about February 23, 2017 and for a substantial period of time preceding her husband's death, Plaintiff Camille Clark witnessed her husband endure

severe pain, suffering, lost enjoyment of life, emotional distress, fear and apprehension as well as ongoing medical treatment and its adverse effects.

15. On and for a substantial period of time before February 23, 2017, the Plaintiff Camille Clark suffered pain, suffering and severe emotional distress and loss of enjoyment of life as she comforted and cared for her sick and dying husband, as she observed her husband's physiological suffering and deterioration from his illness as well as the side-effects of various medical treatments her husband endured, and, she suffered such harm as she observed his death, and, she has continued to suffer such substantial harm ever since.

16. As a direct and proximate result of the aforesaid careless, negligent and grossly negligent actions, inactions and omissions of the defendants, and each of them, the Estate and surviving spouse of Jeffrey Clark, namely, Camille Clark, has suffered substantial and permanent damages for her loss of the love, affection, guidance, wisdom, advice, counsel, companionship, services and financial support of her husband, and, she has suffered and will indefinitely continue to suffer pain, suffering, severe emotional upset and distress, and loss of enjoyment of life from witnessing and experiencing her husband's pain, suffering, deterioration and death from advanced prostate cancer, its effects and the effects of medical treatment.

17. As a direct and proximate result of the foregoing, the decedent, Jeffrey Clark, suffered bodily injuries

11

that caused substantial pain, suffering, emotional distress, fear, apprehension and sadness continuing up to and including the time of his death on February 23, 2017, and, therefore, Plaintiff, as Executrix of the Estate of Jeffrey Clark, is entitled to recover all damages suffered by the decedent, his estate and his heirs-at-law pursuant to the applicable law for wrongful death as well as all permissible damages as set forth herein that the decedent suffered or incurred preceding and up to his death.

18. Defendants, JOHN and JANE DOES 1-20 and ABC Corp. 1-20 are fictitious names representing the persons, entities, organizations, partnerships, and/or corporations whose true identities are unknown at this time.  The allegations set forth in this matter against the known and identifiable defendants are incorporated by reference herein as if more fully and separately alleged against any heretofore unknown or unidentified person, organization or entity of any kind whomsoever whose conduct, actions, inactions and/or omissions establishing that he/she/them/it is or are liable for plaintiffs' damages in this matter by virtue of their individual or collective negligence, gross negligence or breaches of any duty resulting in harm or damages of any kind to the plaintiffs and/or the decedent.  Plaintiffs reserve the right to file an Amended Complaint correctly naming the Defendants JOHN and JANE DOES 1-20,and ABC Corp. 1-20 in the event that Plaintiffs learn the true identities of each of the same.

**WHEREFORE**, Plaintiff, Camille Clark, individually and as

the Executrix of the Estate of Jeffrey Clark, hereby demands judgment in her favor and against Defendant United States of America, for all compensatory and other damages allowed by law and in a sum in excess of the jurisdictional limits for arbitration (or any other jurisdictional limitation), together with interest, costs, counsel fees and for such further relief as the Court deems appropriate and fair under the circumstances and in the interests of justice.

**COUNT II: Vicarious Liability**

1. Each of the allegations contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

2. At all relevant times, the negligence and carelessness of Defendant United States, its employees, servants, agents and/or ostensible agents consists of the acts or omissions set forth in Count I, which is incorporated herein by reference.

3. At all relevant times, the carelessness, negligence and/or gross negligence of Defendant United States was a substantial and contributing factor in causing the aforesaid injuries, death and damages pertaining to Plaintiff's decedent Jeffrey Clark and his estate as well as the injuries and damages pertaining to Plaintiff Camille Clark.

13

**WHEREFORE**, Plaintiff, Camille Clark, individually and as the Executrix of the Estate of Jeffrey Clark, hereby demands judgment in her favor and against Defendant United States of America, for all compensatory and other damages allowed by law and in a sum in excess of the jurisdictional limits for arbitration (or any other jurisdictional limitation), together with interest, costs, counsel fees and for such further relief as the Court deems appropriate and fair under the circumstances and in the interests of justice.

**COUNT III: Corporate Negligence**

1. Each of the allegations contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

2. At all relevant times, Plaintiff's husband's injuries and death were caused by the corporate negligence of Defendant United States in the following particular respects:
   a. selection, employment and retention of incompetent, medical professions to practice within the V.A. and/or Northern Indiana VA Medical Center and/or other V.A. facilities, namely those attending to and providing medical care and healthcare services to the decedent Jeffrey Clark at all relevant times herein;
   b. failing to ensure that the physicians working within the V.A. who, attended to the decedent Jeffrey Clark, were competent to diagnosis, treat and/or follow up on his physical and/or physiological conditions for which they where providing examination, testing, treatment and/or follow-up;
   c. failing to ensure that the physicians working within the V.A., who, attended to the decedent Jeffrey

14

       Clark, were competent to interpret, appreciate and follow up on the findings or results of certain symptoms, physical complaints, test results and findings upon physical examination that they knew or should have known of during their treatment of the decedent Jeffrey Clark;

d. failing to properly oversee or supervise all persons within its facilities that treated and/or cared for decedent Jeffrey Clark during the relevant time;

e. failing to adequately and thoroughly educate and/or train those physicians and/or staff working within its facilities to diagnosis, treat and/or follow up on the findings or results of certain symptoms, physical complaints, test results and findings upon physical examination that they knew or should have known of during their treatment of the decedent Jeffrey Clark;

f. failing to formulate, adopt and enforce adequate rules, procedures, protocols and policies under the circumstances;

g. failing to have in place and/or failing to ensure the implementation of medical policies and procedures for communication among medical staff to ensure appropriate follow-up of test results as well as patient care; and,

h. failing to have in place proper procedures to ensure communication between and among the medical staff to ensure prompt or timely intervention, follow up and treatment of patients.

3.    At all relevant times, the Defendant United States had active and/or constructive knowledge of the aforesaid

15

      failures set forth in the immediately preceding paragraph.

4. At all relevant times, the negligence and carelessness of Defendant United States was a substantial and contributing factor in causing the aforesaid injuries, death and damages pertaining to Plaintiff's decedent Jeffrey Clark and his estate as well as the injuries and damages pertaining to Plaintiff Camille Clark.

5. As a direct and proximate cause of the foregoing deviations from generally accepted professional practice standards, carelessness and negligence of the Defendant USA, the V.A. and its aforementioned physicians and employees, the decedent Jeffrey Clark was caused to suffer metastatic prostate cancer and was caused to suffer severe, continuing and permanent damages, including, but not limited to, severe pain, suffering, loss of enjoyment of life, emotional distress and substantial pecuniary losses, including, lost income and medical treatment expenses, and ultimately death.

6. As a direct and proximate cause of the foregoing deviations from generally accepted professional practice standards, carelessness and negligence of the Defendant USA, the V.A. and its aforementioned physicians and employees, the Estate and surviving spouse of Jeffrey Clark, namely, Camille Clark, has suffered substantial and permanent damages for her loss of the love, affection, guidance, wisdom, advice, counsel, companionship, services and financial support of her

husband, and, she has suffered and will indefinitely continue to suffer pain, suffering, severe emotional upset and distress, and loss of enjoyment of life from witnessing and experiencing her husband's pain, suffering, deterioration and death from advanced prostate cancer, its effects and the effects of medical treatment until his death, and, such damages are of a continuing, substantial and permanent nature.

**WHEREFORE**, Plaintiff, Camille Clark, individually and as the Executrix of the Estate of Jeffrey Clark, hereby demands judgment in her favor and against Defendant United States of America, for all compensatory and other damages allowed by law and in a sum in excess of the jurisdictional limits for arbitration (or any other jurisdictional limitation), together with interest, costs, counsel fees and for such further relief as the Court deems appropriate and fair under the circumstances and in the interests of justice.

### COUNT IV: PLAINTIFF'S PER QUOD AND LOSS OF CONSORTIUM CLAIM

1. The allegations contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

2. At the time of decedent's death and for a substantial period prior thereto, the Plaintiff Camille Clark was lawfully married to the decedent Jeffrey Clark.

3. As a direct and proximate cause of the foregoing deviations from generally accepted professional practice standards, carelessness, negligence and/or gross negligence of the Defendant USA, the V.A. and its aforementioned physicians and employees, the Plaintiff Camille Clark was caused to suffer and will continue to

17

suffer, severe, continuing and permanent damages, including, but not limited to, mental and emotional distress, damages for loss of services, society and consortium, hedonic damages, lost income, lost financial support and medical treatment expenses, among other damages, all of a continuing, substantial and permanent nature, proximately caused by and/or flowing from the injuries and damages suffered by her husband, Jeffrey Clark, for a substantial period of time until his death and such harm and damages will continue indefinitely.

**WHEREFORE**, Plaintiff, Camille Clark hereby demands judgment in her favor and against Defendant United States of America, for all compensatory and other damages allowed by law and in a sum in excess of the jurisdictional limits for arbitration (or any other jurisdictional limitation), together with interest, costs, counsel fees and for such further relief as the Court deems appropriate and fair under the circumstances and in the interests of justice.

Respectfully submitted,

Shapiro & Sternlieb, LLC.
176 Route 9 North
Suite 303
Englishtown, NJ 07726
(732) 617-8050
*Attorneys for Plaintiff*

By: s/ David H. Sternlieb_____
    David H. Sternlieb, Esquire

Dated:  June 28, 2017